**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRIS ALLEN BLOSSER,

        Petitioner,                                   Case Number: 2:08-CV-12453

v.                                                     HON. LAWRENCE P. ZATKOFF

DEBRA SCUTT,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Chris Allen Blosser has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan, challenges the revocation of his parole. For the reasons set forth below, the Court dismisses the petition without prejudice.

**I.**

In February 2005, Petitioner was paroled from an unarmed robbery conviction. He was subsequently reincarcerated pursuant to charges of larceny and unlawfully driving away a motor vehicle. He pleaded guilty to those charges. On February 27, 2006, he was sentenced to 2-1/2 to 10 years imprisonment for each of those convictions.

A preliminary parole revocation hearing was conducted on January 27, 2006. On March 1, 2006, Petitioner's parole was rescinded.

On April 17, 2008, Petitioner filed a complaint for writ of habeas corpus in the Jackson County Circuit Court, raising the following claim:

> Relying on M.C.L. 791.240A(1), the statute's exemption for parolees accused of violating conditions of parole on account of a conviction, the defendant failed to

accord Plaintiff a revocation hearing, on issue of mitigation, before revoking his parole and, accordingly, defendant's actions, taken pursuant to the statute, was a deprivation of liberty without procedural due process, violative of the U.S. Const., Am. XIV.

The trial court denied the complaint. *Blosser v. Mich. Parole Bd.*, No. 08-1191-AH (Jackson County Circuit Court Apr. 22, 2008). Petitioner did not file a complaint for habeas corpus in the Michigan Court of Appeals. *See* Petition at 3.

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claim:

> Petitioner was unconstitutionally deprived of his liberty without due process of law where he received no revocation hearing before his parole was revoked on account of a conviction by respondent and, accordingly, M.C.L. § 791.240A(1) is unconstitutional as applied, violative of the U.S. Const. AM. XIV.

## II.

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement applies to petitions challenging state parole revocation decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337–39 (6th Cir.1991); *Lee v. Trombley*, No. 02-72279, 2003 WL 1119913, *4 (E.D. Mich. Feb.11, 2003). "Ordinarily, the state courts must have had the

opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

In this case, Petitioner admits that he has not exhausted state court remedies because he has challenged the revocation of parole only in the circuit court. The Court finds that Petitioner still has available to him a state court remedy to challenge his parole revocation proceedings.

In Michigan, a prisoner may challenge his continued confinement pursuant to a parole revocation by filing a complaint for habeas corpus in the circuit court. *Triplett v. Deputy Warden*, 371 N.W.2d 862, 865 (Mich. Ct. App. 1985). If the circuit court denies the complaint for habeas corpus, a prisoner may file an original complaint in the Michigan Court of Appeals. *Id.* at 865–66. If the Michigan Court of Appeals also denies relief, the prisoner may file an application for discretionary review in the Michigan Supreme Court. Mich. Ct. R. 7.301(A)(2). Petitioner will not be time barred from filing a complaint for habeas corpus in state court because "there is no limitation on the time in which a complaint for habeas corpus must be filed, as long as the prisoner will be in custody at the time judgment becomes effective." *Triplett*, 371 N.W.2d at 865. Therefore, the Court concludes that Petitioner has failed to exhaust his state court remedies with respect to his parole revocation claim and that a process remains available through which Petitioner may present this claim in state court.

3

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (quoting *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001)). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719–21 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, June 4, 2008, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." *Id.* at 718. At this time, the Court makes no finding as to the timeliness of this petition.

### III.

Accordingly, for the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from June 4, 2008, until the time Petitioner returns to federal court to pursue habeas relief, provided that Petitioner pursues exhaustion of his state court remedies within thirty days from the date of this order and returns to federal court within thirty days of exhausting those remedies.

IT IS FURTHER ORDERED that Petitioner's motion for order directing service [dkt 6] is DENIED as moot.

                                      S/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated: November 17, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 17, 2008.

                                        S/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290