**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRIS ALLEN BLOSSER,

        Petitioner,

v.                               CIVIL CASE NO. 08-12453
                                 HON. LAWRENCE P. ZATKOFF

DEBRA SCUTT,

        Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

This matter comes before the Court on Petitioner's motion for reconsideration, filed on November 24, 2008 [dkt 9]. Petitioner challenges the Court's November 17, 2008, opinion and order dismissing Petitioner's petition for writ of habeas corpus without prejudice and denying as moot Petitioner's motion for order directing service. Pursuant to E.D. Mich. L.R. 7.1(g)(2), no response is permitted.

Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

Petitioner alleges that the Court's opinion and order contained a palpable defect; namely, that the Court did not consider the fact that Michigan statutorily prohibits granting habeas relief to parolees accused of violating conditions of parole on account of a conviction. *See* Mich. Comp.

Laws § 600.4310(3) ("An action for habeas corpus to inquire into the cause of detention may not be brought by or on behalf of . . . [p]ersons convicted, or in execution, upon legal process, civil or criminal."). Petitioner relies on *Witzke v. Withrow*, 702 F. Supp. 1338 (W.D. Mich. 1988), in support of his contention that the "Court should not require him to seek further exhaustion by filing an original complaint in the Michigan Court of Appeals which would likely be rejected." Petitioner's reliance is misplaced. The *Witzke* court entertained a habeas petition prior to state-court consideration of the petition; however, that petitioner had attempted to file his petition in state court on two separate occasions, but the clerk of the court refused both attempts. Under those circumstances, the *Witzke* court determined that "habeas corpus is not a reasonably available remedy to petitioner under Michigan law." *Id.* at 1350. Petitioner is not challenging his conviction or sentence but is rather challenging the parole revocation procedure. Further, Petitioner has not suffered the sort of hardship that faced the petitioner in *Witzke* in attempting to file his petition. Under these circumstances, state habeas corpus procedures are fully available to him, notwithstanding Mich. Comp. Laws § 600.4310(3). *See, e.g.*, *Caley v. Hudson*, 759 F. Supp. 378, 380–81 (E.D. Mich. 1991); *Cross v. Dept. of Corrections*, 303 N.W.2d 218 (Mich. Ct. App. 1981). In light of the foregoing, Petitioner has not established a "a palpable defect by which the court and the parties have been misled [and] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(g)(3). Therefore, Petitioner's Motion for Reconsideration is HEREBY DENIED.

IT IS SO ORDERED.


                                        s/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: December 10, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 10, 2008.

                                        s/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290